IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT W. ADCOCK                                                                    PLAINTIFF
ADC #88716

V.                                         NO. 4:06CV00372 SWW

ANDY SHAW                                                                            DEFENDANT

ORDER

     Plaintiff is a pro se inmate currently confined to the Wrightsville Unit of the Arkansas Department of Correction.  On March 27, 2006, Plaintiff filed this 42 U.S.C. § 1983 civil rights action (docket entry #2), along with a separate but incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  So that the Court could determine how the $250.00 filing fee would be paid, by order entered April 26, 2006 (docket entry #3), Plaintiff was directed to submit either the full statutory filing fee or a calculation sheet, along with an application to proceed in forma pauperis, both properly prepared and executed by an authorized official at the incarcerating facility.  Plaintiff timely submitted the proper financial information in compliance with § 1915(a)'s requirements (docket entry #5); accordingly, in forma pauperis status was granted.

**Background**

     Plaintiff attempts to sue Andy Shaw, his public defender, in both an official and personal capacity for ineffective assistance of counsel in connection with his underlying pending criminal proceedings.  Specifically, Plaintiff claims he has written to Defendant numerous times but his letters have not been returned.  Plaintiff, as well as others on his behalf, have tried to call Defendant but Defendant is always out of the office.  Plaintiff has filed motions to suppress witness statements and motions to subpoena evidence but Defendant has failed to ask for a hearing on these submissions. Last, since Defendant was

appointed to represent Plaintiff in September 2005, he has not met with him. Plaintiff seeks $10,000 in damages for the alleged violation of his Sixth Amendment right to effective assistance of counsel and the appointment of a new attorney. Plaintiff does not allege diversity jurisdiction. For the reasons that follow, Plaintiff's case is dismissed with prejudice for failure to state a claim.

## **Standard**

After granting Plaintiff in forma pauperis status, Plaintiff was notified (docket entry #6) that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee. 28 U.S.C. § 1915A.

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). This Court may sua sponte dismiss a complaint filed in forma pauperis in whole or in part at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519,

520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

### Analysis

Plaintiff cannot claim federal question jurisdiction pursuant to 28 U.S.C. § 1331. Federal courts have no inherent subject matter jurisdiction, but instead, are courts of limited jurisdiction by origin and design. As a result, there is an initial presumption that federal courts lack subject matter jurisdiction to resolve a particular suit. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A district court may assume federal question jurisdiction only when an action "arises under" the Constitution, laws, or treaties of the United States. U.S. CONST., art. III, § 2; 28 U.S.C. § 1331. Although Plaintiff is incarcerated, he does not pursue a 42 U.S.C. § 1983 claim, nor can his action be characterized as a habeas petition.[1] Plaintiff has not sued a state actor; therefore, he cannot allege a violation of his constitutional rights by this individual. Nor does this Court have jurisdiction pursuant 28 U.S.C. § 1332(a)(1) based on diversity. Federal district courts have diversity jurisdiction of civil actions between "citizens of different states" if the amount in controversy exceeds $75,000. Id. The sole named Defendant is a resident of Arkansas; Plaintiff is a resident of Arkansas; and the monetary amount in controversy has been listed as $10,000. Because neither federal question nor diversity exists, this Court does not have jurisdiction to hear Plaintiff's case.

Even if this Court did have jurisdiction, the edicts of § 1983 are clear and mandate its dismissal:

---

[1] Plaintiff does not seek release from confinement.

> Every person who, <u>under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia</u>, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the <u>deprivation of any rights, privileges, or immunities secured by the Constitution and laws</u>, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

<u>Id</u>. (emphasis added).  Plainly, § 1983 relief is predicated on the action of a state actor. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988) (quoting <u>United States v. Classic</u>, 313 U.S. 299, 326 (1941)); <u>Dean v. Olibas</u>, 129 F.3d 1001, 1005 (8th Cir. 1997) ("to occur under color of law, conduct causing the deprivation of a civil right must be 'fairly attributable to the State'") (quoting <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982)).  The Supreme Court has set forth a two-part test for analyzing whether conduct fits this description.  This Court first must ask "whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority." <u>Id</u>. at 939.  Stated another way, the injury complained of must have been "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. <u>Id</u>. at 937.  If this question is answered affirmatively, then the Court must determine if the private party charged with the deprivation could be described in all fairness as a state actor.  <u>Id</u>.; <u>see</u> <u>also</u> <u>Edmonson v. Leesville Concrete Co.</u>, 500 U.S. 614, 620 (1991).

     Plaintiff's case fails at the initial inquiry because Defendant is not a "state actor" amenable to suit under § 1983.  The conduct of counsel, either retained or appointed, in

4

representing clients does not constitute action under color of state law within the meaning of § 1983.  Holbird v. Armstrong-Wright, 949 F.2d 1019 (per curiam) (8th Cir. 1991); Harkins v. Eldredge, 505 F.2d 802, 803 (per curiam) (8th Cir. 1974); see also Armstrong v. Todd A. Mandell & Assoc., L.L.C., 221 F.3d 1341 (unpub. per curiam) (8th Cir. June 15, 2000) (holding that plaintiff's complaint against law firms and other entities failed to state a claim; to the extent plaintiff's complaint could be viewed as attempting to assert a state law legal malpractice claim subject matter jurisdiction was lacking).  Even a public defender, like Defendant, is not acting under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Davis v. Blount, 74 Fed. Appx. 675 (8th Cir. 2003) (unpub. per curiam) (affirming pre-service dismissal of plaintiff's public defender on the grounds that he is not a state actor subject to § 1983 liability) (citing Polk County, 454 U.S. at 325; Eling v. Jones, 797 F.2d 697, 698-99 (8th Cir. 1986)); Malik v. Cardarella, 71 Fed. Appx. 607 (8th Cir. 2003) (unpub. per curiam) (affirming pre-service dismissal of federal plaintiff's court-appointed defense counsel on the grounds that he is not a state actor subject to § 1983 liability) (citing Polk County, 454 U.S. at 325; Christian v. Crawford, 907 F.2d 808, 810 (8th Cir. 1990) (per curiam)).

     With no state actor there can be no constitutional violation; therefore, there is no basis to award Plaintiff the relief he seeks.  Williams v. Davis, 200 F.3d 538, 539 (8th Cir. 2000).  Even assuming that each fact alleged by Plaintiff is true, neither alone nor in combination do they amount to a constitutional violation.  Because no constitutional violation occurred under the allegations Plaintiff has presented, Defendant cannot be held liable under § 1983 and Plaintiff's claim against him must be dismissed with prejudice.

As a collateral matter, the Court mentions the long-standing principle that federal courts should abstain from interfering in ongoing state criminal proceedings.  <u>Younger v. Harris</u>, 401 U.S. 37, 43-45 (1971).  In the present case, there is an ongoing state judicial proceeding that implicates important state interests and there is an adequate opportunity for Plaintiff to raise his constitutional challenges in those proceedings.  Moreover, Plaintiff will have the opportunity to appeal any unfavorable decision rendered by the state court.

### III.  Conclusion

Accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  Plaintiff's case is, therefore, dismissed with prejudice for failure to state a claim.  Any pending motions are denied as moot.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order, and any judgment entered hereunder, would not be taken in good faith.  This dismissal counts as a "strike" pursuant to 28 U.S.C. § 1915(g).[2]

IT IS SO ORDERED this 12th day of May, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.